UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID WATTS,

            Plaintiff,

      v.                                      Case No. 24-C-721

JOHN KIND,

            Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DIRECTING A RESPONSE FROM DEFENDANT

On October 11, 2024, the Court screened the original complaint and allowed Plaintiff David Watts to proceed on a claim against Defendant Security Director John Kind (in his official capacity) in connection with allegations that the Columbia Correctional Institution does not have reasonable accommodations for disabled inmates who use a walker to get to the area of the institution where physical therapy and medical appointments occur, in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Dkt. Nos. 1 & 9. The Court dismissed the remainder of the individual defendants from the case because neither the ADA nor the RA applied to individuals in their personal capacities; and Plaintiff did not allege any specific facts about what those individual defendants did or did not do to violate any of his other rights. Dkt. No. 9 at 5.

On October 23, 2024, Plaintiff filed a motion for reconsideration, along with a motion for emergency injunctive relief. Dkt. Nos. 10 & 11. Plaintiff now explains that there is an elevator available for use to reach the area of the institution where physical therapy and medical appointments occur but a "policy of not allowing inmates w/walkers was put into place." *Id*. He

says that the previously dismissed individual defendants all have a key to the elevator, so they should remain as defendants in the lawsuit in connection with prior incidents (over the course of four-and-a-half months) when they did not allow him to use the elevator due to the "policy." Dkt. No. 10. Plaintiff also asks for an injunction ordering immediate authorization to use the elevator for all disabled inmates, whether they use a walker, a cane, or any other mobility-related device, to reach the area of the institution where physical therapy and medical appointments occur. Dkt. No. 11.

Plaintiff's assertion that there is a "policy" of not allowing disabled inmates with a walker to use an available elevator to reach the area of the institution where physical therapy and medical appointments occur is encompassed within the official capacity claim already proceeding against Security Director Kind. Additionally, individual defendants who act pursuant to a prison "policy" usually are not deliberately indifferent under the Eighth Amendment, and even if they were in this case due to the obvious nature of the risk of harm, Plaintiff did not allege any specific facts against the individual defendants in the original complaint nor did he allege or ask to proceed on an Eighth Amendment deliberate indifference claim in connection with any specific incidents they were involved in during the four-and-a-half month period of time he now mentions in his motion for reconsideration. Plaintiff cannot add relevant facts and claims through a motion for reconsideration, so the Court will deny the motion for reconsideration. Plaintiff can file an amended complaint with the new facts and claims he now mentions, if he so chooses. But he should do so in a timely manner and consistent with Federal Rule of Civil Procedure 15(a)(1)-(2) and Civil Local Rule 15(a)-(b).

Plaintiff's allegation that there exists an elevator to reach the areas of the institution where physical therapy and medical appointments occur, but disabled inmates who use a walker are not

2

Case 1:24-cv-00721-WCG    Filed 10/29/24    Page 2 of 3    Document 12

allowed to use the elevator and must instead traverse the steep stairs, warrants a response. Therefore, the Court will direct Defendant to file a response to Plaintiff's motion for emergency injunctive relief within 21 days. Plaintiff will be allowed 14 days thereafter in which to file a reply.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall file a response to [11] Plaintiff's motion for emergency injunctive relief within **21 days**. Plaintiff will be allowed 14 days thereafter to file a reply.

Dated at Green Bay, Wisconsin this 29th day of October, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge