**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

DAVID WATTS,

                Plaintiff,

          v.                             **Case No. 24-C-721**

JOHN KIND,

                Defendant.

---

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR WITNESSES TO TESTIFY VIA ZOOM AND FOR DEFENSE TO PROVIDE UNREDACTED VIDEO FOOTAGE

---

Plaintiff David Watts is currently incarcerated at Columbia Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. Defendant filed a motion for sanctions, arguing that Plaintiff submitted fabricated evidence in this case in bad faith in response to Defendant's motion for summary judgment. An evidentiary hearing on Defendant's motion for sanctions is currently scheduled for August 13, 2026. This matter comes before the court on Plaintiff's motion for witnesses to testify via Zoom and for defense counsel to provide unredacted video footage.

Plaintiff requests that the following individuals testify at the evidentiary hearing: Heather L. Schwenn, Janell E. Ribble, Courtney M. Schmidt, John Doe Doctor, and Rebecca Keeran. Plaintiff does not explain what he expects each person to testify about or how their testimony is relevant to the issue of whether Plaintiff submitted fabricated evidence in this case in bad faith. Therefore, Plaintiff's motion will be denied without prejudice. Plaintiff may renew his motion and may make an offer of proof in writing, specifying exactly what each proposed witness will testify about.

Plaintiff also requests that defense counsel turnover unredacted copies of video camera footage listed as Exhibits "880, 88, 808, and 667." The court construes Plaintiff's motion as a motion to compel. Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." In other words, before filing a motion to compel, a party needs to first discuss the dispute with the opposing party's lawyer. And, if they cannot work out the dispute and a party files a motion to compel, the party must include a certification in his motion that he first tried to resolve the dispute with the opposing party's lawyer. Plaintiff's motion does not include the required certification, suggesting that he asked the court to get involved before attempting to informally resolve his dispute with Defendant's counsel. Accordingly, the court will deny the motion to compel to allow Plaintiff and Defendant's counsel the opportunity to resolve this issue without the court's involvement.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for witnesses to testify via Zoom and for defense counsel to provide unredacted video footage (Dkt. No. 98) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin this 13th day of July, 2026.

William C. Griesbach
United States District Judge

2