**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DAVID WATTS,**

**Plaintiff,**

**v.** **Case No. 24-C-721**

**JOHN KIND,**

**Defendant.**

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

Plaintiff David Watts, who is currently incarcerated at Columbia Correctional Institution and representing himself, brought this 42 U.S.C. § 1983 case, alleging that Defendant Green Bay Correctional Institution (GBCI) Security Director John Kind failed to accommodate his disability in violation of the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA). On August 17, 2026, the Court granted Defendant's motion for sanctions and dismissed the case with prejudice. This matter comes before the Court on Plaintiff's motion for reconsideration.

Motions challenging the merits of the Court's ruling are considered under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Rule 59(e) motions request that the Court alter or amend judgments on the basis of a manifest error of law or newly discovered evidence. Fed. R. Civ. P. 59(e). A "manifest error" is not demonstrated by the disappointment of the losing party; it is the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Rule 60(b), on the other hand, is "designed to address mistakes attributable to special circumstances, not to address erroneous applications of law." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013). Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal citations omitted).

Plaintiff does not meet the standard for reconsideration under either Rule. The Court has reviewed its August 17, 2026, findings of fact and conclusions of law and concludes that there is no basis to alter the decision. Plaintiff's motion amounts to little more than disagreement with the Court's analysis and decision. A motion for reconsideration is not a vehicle for relitigating the merits of the case or making arguments that could have been made earlier. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). In addition, none of the six grounds for relief from judgment identified in Rule 60(b) apply in this case.

Plaintiff also offers a confusing argument that the undersigned had a conflict of interest in the case because a family member, former Manitowoc County Assistant District Attorney Michael Griesbach, was somehow involved in the case. As far as the Court knows, this is the first time Plaintiff has raised this issue. He never requested that the undersigned recuse himself, and the

undersigned still has no knowledge of how if at all his brother, who retired from his former position more than six years ago, could have been involved in any way with this case. Plaintiff has not demonstrated that he is entitled to relief. Therefore, Plaintiff's motion for reconsideration (Dkt. No. 112) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 24th day of August, 2026.

William C. Griesbach
United States District Judge